IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIE HENDERSON, )
 )
      Plaintiff, )
 )
v. ) Case No. 06 C 6451
 )
CAROL ADAMS, et al., )
 )
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Willie Henderson, a civil detainee in the custody of the Illinois Department of Human Services, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Henderson claims the defendants, DHS officials and contractors, have violated his constitutional rights by: (1) subjecting him to [unspecified] "invidious discrimination"; (2) retaliating against him for filing grievances; (3) encouraging a fellow detainee to attack the plaintiff; and (4) falsifying his medical records and progress notes, presumably in order to impede his recovery and release.

The "Liberty defendants" [defendants technically employed by Liberty Healthcare Corp.] and the "DHS defendants" [defendants employed by the Illinois Department of Human Services] move to dismiss the complaint for failure to state a claim or, alternatively, for a more definite statement.

### I. STANDARD OF REVIEW ON A MOTION TO DISMISS

*Pro se* complaints must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, (1957)). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson*, 362 F.3d at 971. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 127 S.Ct. at 1964 -65 (citations omitted).

In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). *Bell Atlantic Corp.*, 127 S.Ct. at 1975 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1, (2002)). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Norfleet v. Vale*, No. 05 C 0926, 2005 WL 3299375, at *1 (N.D. Ill. Dec. 5, 2005) (Zagel, J.). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and

unlikely." *Bell Atlantic Corp.*, 127 S.Ct. at 1965. The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996) (citations omitted).

## II. FACTS

Henderson is a civil detainee, committed as a "sexually violent person" pursuant to 725 ILCS § 207/5. Under that statute, a sexually violent person is someone convicted of a sexually violent offense (or found not guilty of a sexually violent offense by reason of insanity) and "who is dangerous because he or she suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence." *Id.*, § 207/5(f).

The defendants are: (1) Thomas Monahan, an employee of the Illinois Department of Human Services ("DHS"), and Director of the Joliet Treatment and Detention Facility ("TDF"); (2) Carol Adams, the Secretary of the DHS and of the Joliet Treatment and Detention Facility; (3) Shan Jumper, TDF Clinical Director; (4) Lea Chankin, TDF Associate Clinical Director; (5) Janet Sands, a therapist; (6) Carey Lavaux, another therapist; (7) Carol Vance, a TDF facility hospital administrator; (8) Shane Reister, a staff member at one of the detention facilities; (8) Mark Brenzinger, a former employee of Liberty Healthcare Corporation; (9) Darrell Sanders, the Director of Security at the Rushville TDF; (10) Scott Maieritsch, a team leader for Joliet TDF's clinical staff; (11) Jeffrey Clausen, a facilitator/therapist at Joliet TDF; (12) Joseph Proctor, the team leader and supervisor at the Rushville TDF; and (13) Liberty Healthcare Corporation, the employer of defendants Jumper, Sands, Lavaux, Reister, Brenzinger, Maieritsch, Clausen and Proctor.

Henderson alleges the following facts, which must be accepted as true for purposes of defendants' motions: On February 9, 2000, Henderson was transported to the Joliet TDF, an

institution that houses sexually violent offenders. He was held there until an unspecified date, when he was transferred along with all other detainees to the new facility in Rushville, Illinois.

On an unspecified date, Henderson complained to his sister about perceived discrimination of some kind. He asked his sister to send a complaint letter to defendant Adams. Adams promised Henderson's sister she would look into the situation; however, she never investigated the alleged discrimination.

On another unspecified date, Henderson was suspended from treatment groups after successfully participating in the groups for about five years. His suspension was based on hearsay (it was purportedly reported that he planned to rape defendant Lavaux when he was freed on conditional release). However, Henderson contends his suspension was actually motivated by retaliatory *animus* because he had filed grievances.

At some point during his confinement, defendants began "mentally abusing" him by verbally attacking him and falsifying his progress notes. Defendants told other detainees to ostracize Henderson as an "outcast." Defendants allegedly directed a fellow detainee to burst in on a therapy session and attack him.

Defendant Sands has refused to discuss the situation with Henderson, who has received no treatment since November 2005. He believes defendants are intentionally denying him treatment and are falsifying his records so that he will never be released.

When out on court writs, Henderson is forced to wear "black box" shackles.

## III. ANALYSIS

### A. Pleading Deficiencies

First, defendants' motions to strike the plaintiff's supplemental briefs in opposition to their motions to dismiss are denied. The court has considered each of Henderson's opposing briefs and

motions. He is advised that in the future he may file only one response to any given motion. Supplemental briefs filed without leave of court will be stricken.

Defendants move to dismiss the complaint for failure to comply with FED. R. CIV. P. 8(e)(1), which requires that pleadings be "simple, concise, and direct," as well as FED. R. CIV. P. 10(b), requiring that each claim be stated in separate, numbered paragraphs. Their motion is denied in those respects. Henderson used the court's civil rights complaint form and he will not be held to the technical requirements of the Federal Rules of Civil Procedure. Nevertheless, the complaint is insufficient to apprise defendants of his basic claims. He alleges "invidious discrimination," for example, but does not elaborate on the nature of the discriminatory hostility (*e.g.*, race, religion or membership in a protected class). The complaint is devoid of dates, such as when the alleged attack by a fellow detainee occurred, or even where the events giving rise to each claim occurred. Although he need not provide detailed particulars, he must at least "narrate a grievance simply and directly, so that the defendant knows what he has been accused of." *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005). An amended complaint must include "some indication . . . of time and place." *Thompson*, 362 F.3d at 971.

In an amended complaint, Henderson must allege how each named defendant was involved in alleged constitutional violations. He refers generically to "the defendants" throughout his complaint, referring to only three defendants by name in his statement of claim. The complaint does not provide defendants with the required minimal notice. In his various responses to the motions to dismiss, he does make some attempt to clarify why he is suing some defendants. As a general rule, plaintiffs may assert additional facts in their response to a motion to dismiss, so long as the new allegations are consistent with the original pleading. *Brokaw v. Mercer County*, 235 F.3d 1000, 1006

(7th Cir. 2000); *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). However, piecemeal amendments are not accepted. All allegations against all defendants must be set forth in one document.

**B.   Failure to State a Claim**

In the alternative, defendants move to dismiss the complaint for failure to state a claim. Their motions are granted in part and denied in part.

**1.   "Black Box" Security Restraints**

An amended complaint shall not include Henderson's challenge of the use of the "black box" security device when he is transported outside the TDF. The Constitution requires defendants to house him under humane conditions and to provide him with "adequate food, clothing, shelter, and medical care." *Sain v. Budz*, No. 05 C 6394, 2006 WL 539351, *2 (N.D. Mar. 3, 2006) (Conlon, J.), citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Like a pretrial detainee, a sexually violent person may not be subjected to conditions that amount to punishment without due process. *See, e.g., Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004). "Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982). "[D]ue process requires that the conditions and duration of confinement . . . bear some reasonable relation to the purpose for which persons are committed." *Seling v. Young*, 531 U.S. 250, 265 (2001); *West v. Schwebke*, 333 F.3d 745, 748 (7th Cir. 2003).

Detainees may nevertheless be subjected to conditions that advance goals such as preventing escape and assuring the safety of others. *Allison v. Snyder*, 332 F.3d 1076, 1079 (7th Cir. 2003), citing *Allen v. Illinois*, 478 U.S. at 373-74 (1986). In *Hargett v. Adams*, No. 02 C 1456, 2005 WL

399300 (N.D. Ill. Jan. 14, 2005) (Leinenweber, J.), a sweeping class action lawsuit brought by the American Civil Liberties Union relating to the treatment of sexually violent committees, another judge of this court found that although the prison-like environment of the Joliet TDF was not conducive to a "positive therapeutic milieu," the setting did not significantly impede the delivery of effective treatment. 2005 WL 399300 at *2. The court concluded that the use of black box restraints on detainees constituted a legitimate, non-punitive security measure. *See Hargett*, 2005 WL 399300 at *4. ("[T]here are legitimate security concerns underlying the past and present use of the Black Box.").

### 2. Discrimination/Retaliation/Mistreatment

Henderson may develop his claims that he has been the victim of discrimination, retaliation and harassment. As a sexually violent person, his claims are governed by the professional judgment standard set out in *Youngberg v. Romeo*, 457 U.S. 307, 321 (1982). In *Youngberg*, the Supreme Court held that "[p]ersons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." 457 U.S. at 321-22. Under the professional judgment standard, it is inappropriate for courts to specify which of several professionally acceptable choices should have been made. *Youngberg*, 457 U.S. at 321. A violation of the professional judgment standard exists only when the complained of practice constitutes "such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible did not base the decision on such a judgment." *Id.* at 323.

General grievances regarding the propriety of the plaintiff's treatment plan are beyond the court's purview. *See, e.g., Allison v. Snyder*, 332 F.3d 1076, 1079 (7th Cir. 2003); *Laxton v. Watters*,

348 F.Supp.2d 1024, 1030 (E.D. Wis. 2004) ("Civil detainees are entitled to some kind of treatment although it need not be to the detainee's liking"). The court may not entertain disputes between Henderson and defendants concerning treatment decisions. A disagreement with a provider's medical judgment does not implicate the Constitution. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Nevertheless, Henderson is permitted to amplify his claims that he has been the victim of retaliation and/or discrimination. Prison officials violate the Constitution if they retaliate against a prisoner for filing grievances or initiating lawsuits. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). Otherwise permissible actions by prison officials are impermissible if done with a retaliatory motive. *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000). The equal protection clause of the Fourteenth Amendment protects against intentional and arbitrary discrimination. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Henderson is given an opportunity to demonstrate that the alleged state actions were motivated solely by a "spiteful effort to 'get' him for reasons wholly unrelated to any legitimate state objective." *Id.*

It should be noted that Henderson's exhibits to the complaint suggest he was suspended from group therapy for posing a threat to defendant Lavaux, *see* Complaint, p. 9, for lack of cooperation, *see* Exhibits, docket #10, as well as for "not addressing issues and blaming therapist instead of taking responsibility." *Id.*, unmarked "Notice of Suspension" dated July 24, 2006. In order to survive a motion for summary judgment, he must establish there is a triable issue as to whether adverse treatment decisions were impermissibly motivated. *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996). He ultimately bears the burden of proving that discriminatory or retaliatory *animus* was the

motivating factor for defendants' actions and that events would have transpired differently absent retaliatory (or discriminatory) motive. *Babcock*, 102 F.3d at 275.

Doubts about the strength or validity of Henderson's claims are not considered on a motion to dismiss. The court does not make credibility determinations. *See, e.g., Ruffin v. Kane County Sheriff Dept.*, No. 01 C 4898, 2006 WL 2088186, at *11, n.6 (N.D. Ill. Jul. 21, 2006) (Filip, J.). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. The court does not assume the correctness of entries made in Henderson's challenged treatment records. *Compare Powers v. Snyder*, 484 F.3d 929, 932 (7th Cir. 2007) ("[a] plaintiff does not, simply by attaching documents to his complaint, make them a part of the complaint and therefore a basis for finding that he has pleaded himself out of court").

### 3. Qualified Immunity

Finally, defendants' motions to dismiss on grounds of qualified immunity are denied. "[A] complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds." *Alvarado v. Litscher*, 267 F.3d 648, 651-52 (2001), *citing Jacobs v. City of Chicago*, 215 F.3d 758, 765 n. 3 (7th Cir. 2000). "Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground for dismissal. . . ." *Id.* Defendants may assert their affirmative defense of qualified immunity in a properly supported summary judgment motion.

### **CONCLUSION**

Defendants' motions to dismiss are granted. The complaint is dismissed without prejudice. Henderson may file an amended complaint correcting the pleading deficiencies detailed in this order. The amended complaint shall not include a challenge to the use of black box restraints.

Henderson is cautioned that an amended pleading supersedes the original complaint and therefore must stand complete on its own. Allegations against each defendant must be set forth in the amended complaint, without reference to the original complaint. Exhibits must be attached, and each copy of the amended complaint must include complete copies of all exhibits.

Defendants' motions to strike [68, 71 and 79] are denied. Defendants' motions to dismiss the complaint for failure to state a claim or, alternatively, for a more definite statement [25, 28 and 32] are granted. Plaintiff's motions opposing dismissal [43 and 58] are denied. The clerk shall provide plaintiff with an amended civil rights complaint form and instructions. Plaintiff shall file an amended complaint by July 30, 2007.

**ENTER:**

_____
SUZANNE B. CONLON
**United States District Judge**

**DATED: June 29, 2007**